SUSAN SHANKS, )
)
Plaintiff, ) JURY DEMAND
)
v. ) NO.: 10C107
)
)
)
UNITED OF OMAHA LIFE )
INSURANCE COMPANY, )
)
Defendant. )

## COMPLAINT

**COMES** the Plaintiff, Susan Shanks (hereinafter "Plaintiff"), by and through the undersigned counsel of record, and hereby brings the following Complaint against Defendant United of Omaha Life Insurance Company (hereinafter "United of Omaha"), stating as follows:

### PARTIES

1. At all relevant times Plaintiff was and is an adult resident of Hamilton County, Tennessee.

2. Plaintiff alleges upon information and belief that Defendant United of Omaha is an insurance company authorized to transact the business of insurance in this state.

3. Defendant United of Omaha is the underwriter of and/or insurer of a disability insurance policy issued to Plaintiff, said policy having, inter alia, the following identifying characteristic: Policy No. GUPR 451H (hereinafter "Policy").

4. Defendant United of Omaha may be served with process by serving the

1

Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1121.

## JURISDICTION AND VENUE

5. This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction.

6. Venue is proper in Hamilton County, Tennessee.

## FACTS

7. At the time the Policy was issued, Plaintiff was employed by Hamilton County, Tennessee.

8. Plaintiff and/or Plaintiff's employer purchased a disability insurance Policy from Defendant United of Omaha.

9. Plaintiff applied for coverage, was accepted, and was thereafter covered under said Policy.

10. Plaintiff's employment at the time the Policy was issued and at the time she became disabled was as an Accounting Associate.

11. All premiums have been paid and Plaintiff has satisfied all the requirements for coverage under the above Policy, which is a contract for insurance.

12. Plaintiff, while covered under the Policy, incurred a disability on or about January 8, 2009, or thereafter, which caused then and/or subsequently, inter alia, severe depression, fatigue, and problems with concentration, all of which interfered with her ability to work, and which caused her to become totally disabled.

13. On or about January 8, 2009, Plaintiff's medical condition caused her to have a complete inability to perform the main duties of her occupation.

14. Since on or about January 8, 2009, Plaintiff has had a complete inability to perform at least one of the material duties of her regular occupation on a part-time or full-time basis and to generate current earnings which exceed 99% of her basic monthly earnings due to her injury or sickness.

15. Subsequent to her disability, Plaintiff applied for benefits under the Policy by submitting an insured's statement and, thereafter, by submitting, inter alia, numerous attending physician statements and medical records pursuant to the requirements of the Policy.

16. On September 3, 2009, Defendant United of Omaha sent Plaintiff a letter explaining that it had denied coverage on her claim.

17. On November 17, 2009, Plaintiff sent United of Omaha a letter indicated that if benefits were not paid pursuant to the policy within 60 days then Plaintiff would seek penalties under Tennessee Bad Faith Statute, Tenn. Code Ann. § 56-7-105 and/or under any other relevant bad faith or similar state statute.

18. Plaintiff has not received the full requisite of benefits due under the Policy.

## COUNT ONE

## TENNESSEE BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 18 as if fully stated herein and further states that:

19. Under the laws of the State of Tennessee, Plaintiff was covered under the Policy and said Policy constitutes a contract for insurance coverage.

20. Under the laws of the State of Tennessee, Plaintiff made a valid and timely claim for benefits under terms of the Policy and Defendant has refused to pay.

3

21. Under the laws of the State of Tennessee, all premiums have been paid and Plaintiff has met all other conditions precedent to have a valid contract for insurance coverage and has satisfied the terms of the contract entitling her to benefits under the contract.

22. Under the laws of the State of Tennessee, Defendant has breached, and continues to breach, its contractual duties under the insurance Policy by failing and refusing to pay the full requisite of benefits owed the Plaintiff and by failing to perform its duties as set out in the contract.

23. Under the laws of the State of Tennessee, as a direct and proximate result of Defendant's breach, Plaintiff has suffered, and continues to suffer, substantial damages as previously set forth above.

## COUNT TWO

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT TENNESSEE CODE ANNOTATED § 47-18-101 AND § 47-18-109.

Plaintiff incorporates the allegations contained in paragraphs 1 through 23 as if fully stated herein and says further that:

24. Tennessee Code Annotated § 47-18-109 provides a private right of action to any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by the Consumer Protection Act.

25. The acts which are prohibited under the Consumer Protection Act are listed in Tennessee Code Annotated § 47-18-104. In addition to the specifically prohibited acts, Tennessee Code Annotated § 47-18-104(b)(27) is a catch-all provision

prohibiting all practices which are deceptive or unfair to customers.

26. By ignoring the terms of the disability insurance contract and by giving the Plaintiff inadequate or misleading information about her claim, the Defendant has acted unfairly and deceptively.

27. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer monetary loss and damages.

28. Through its handling of the Plaintiff's claim, the Defendant has willfully and knowingly violated the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq., entitling Plaintiff to treble damages.

## COUNT III

## TENNESSEE BAD FAITH FAILURE TO PAY CLAIM

Plaintiff incorporates the allegations contained in paragraphs 1-28 as if fully stated herein and further states that:

29. At all times relevant to the matters alleged herein, Defendant was under a duty to use good faith in the handling of Plaintiff's claim.

30. Plaintiff's claim for benefits is due and payable and Plaintiff's application was filed subsequent to her disability and which constitutes a formal demand for payment, and Defendant has either failed or refused to pay further benefits.

31. Defendant impeded a legitimate and well-supported claim for benefits, which clearly shows an intent not to honor the terms of the Policy.

32. Defendant acted in bad faith in denying benefits to Plaintiff or in failing to timely make a decision on Plaintiff's claim.

33. As a direct and proximate result of Defendant's actions in handling this claim,

5

Plaintiff has suffered, and continues to suffer, monetary loss and damages, including the need to hire an attorney to enforce the terms of a contract for insurance.

34. Because Defendant did not act in good faith in denying Plaintiff's claim for benefits, Defendant is liable under Tennessee Code Annotated § 56-7-105(a) for additional damages in an amount up to 25% of liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant her the following relief in this case:

That the Court enter judgment in favor of Plaintiff and against Defendant and that the Court order Defendant to perform its obligations under the contract for insurance and to pay past due benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled.

That the Court order Defendant to pay Plaintiff prejudgment interest in all benefits that have accrued prior to the date of judgment;

That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

That the Court order Defendant to continue paying benefits to Plaintiff until such time as she no longer qualifies for continuation of benefits.

That the Court order Defendant to pay treble damages pursuant to Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq.;

That the Court order Defendant to pay an additional 25% of the contractual liability for bad faith handling of the claim, pursuant to Tennessee Code Annotated § 56-

7-105(a);

That the Court order Defendants to pay Plaintiff's attorneys' fees and costs under applicable law, and,

That Plaintiff recover any and all other relief to which she may be entitled. Plaintiff further demands a jury to hear her case.

Dated this 4th day of January, 2010.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: _____
Eric L. Buchanan (#018568)
R. Scott Wilson (#019661)
D. Seth Holliday (#023136)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)

7